1  Steven M. Cvitanovic (Bar No. 168031)
   Abigail Lighthart (Bar No. 239644)
2  HAIGHT BROWN & BONESTEEL LLP
   Three Embarcadero Center, Suite 200
3  San Francisco, California 94111
   Telephone: 415.546.7500
4  Facsimile: 415.546.7505

5  Attorneys for Defendant Snap-On Incorporated

6

7

8              UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

10

11 ERin FITZSIMMONS,              )  Case No. C13-04299CRB
                                  )
12         Plaintiff,              )  DEFENDANT SNAP-ON
                                  )  INCORPORATED'S NOTICE OF
13     vs.                         )  MOTION AND MOTION TO DISMISS
                                  )  PLAINTIFF'S COMPLAINT
14 UNITED STATES SECRET SERVICE, et )
   al.,                           )  Date:   December 13, 2013
15                                 )  Time:   10:00 a.m.
           Defendants.             )  Ctrm:   6 (17th Floor)
16 _____)

17
                                     Judge:  Honorable Charles R. Breyer
18

19     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20     PLEASE TAKE NOTICE that on December 13, 2013 at 10:00 a.m. in the United

21 States District Court for the Northern District of California, 450 Golden Gate Ave, San

22 Francisco, CA 94102, defendant SNAP-ON INCORPORATED hereby specially appears

23 and does hereby move the court to dismiss each claim for relief in Plaintiff's Complaint as

24 against SNAP-ON without leave to amend pursuant to;

25     1. Federal Rule of Civil Procedure 12(b)(4) on the grounds process is defective as

26 Plaintiff did not obtain an issued summons from the Court, or;

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

11000-0002402
9966075.1

1

DEFENDANT SNAP-ON INCORPORATED'S
NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

2. Federal Rule of Civil Procedure 12(b)(5) on the grounds service of process is defective as Plaintiff did not serve SNAP-ON with an issued summons or a copy of the Complaint, or;

3. Federal Rule of Civil Procedure 12(b)(6) on the grounds Plaintiff failed to state a claim against SNAP-ON INCORPORATED upon which relief can be granted as the Complaint does not provide any information related to alleged conduct by SNAP-ON INCORPORATED, or;

4. Federal Rule of Civil Procedure 12(b)(1) on the grounds this court lacks subject matter jurisdiction, or;

5. Federal Rule of Civil Procedure 12(b)(3) on the grounds this court is an improper venue.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Dana Dombrowski, any papers and pleadings currently on file with the court, and upon further argument and evidence at the hearing on this Motion.

Dated: 11/7/13

HAIGHT BROWN & BONESTEEL LLP

By: _____
Steven M. Cvitanovic
Abigail Lighthart
Attorneys for Defendant
Snap-On Incorporated

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

11000-0002402
9966075.1

2

DEFENDANT SNAP-ON INCORPORATED'S
NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On its face and taken in a light most favorable to Plaintiff, Plaintiff's Complaint is wholly deficient and should be dismissed without leave to amend. This court is not the proper venue, Plaintiff did not obtain an issued summons, the Complaint was not properly served on SNAP-ON, the Complaint fails to provide facts sufficient for this court to exercise subject matter jurisdiction. Moreover, the Complaint fails to state a cognizable claim against SNAP-ON INCORPORATED ("SNAP-ON").

Plaintiff has made claims which have no basis in law and are so defective that, as a matter of law, would be impossible to transform into cognizable causes of action even if given leave to amend. Plaintiff cannot state a cause of against SNAP-ON under the Federal Tort Claims Act, and did not adequately plead any of the requisite elements for a cause of action under RICO. Plaintiff has not presented this Court with any cause of action recognized at law. No amount of revision or amendment can create causes of action that do not exist. For these reasons, this case should be dismissed as against SNAP-ON without leave to amend.

## II. PROCEDURAL POSTURE

Plaintiff filed the Complaint on September 17, 2013. Plaintiff sent a copy of an unissued Summons to SNAP-ON via certified mail on or about October 3, 2013. SNAP-ON received a copy of the unissued Summons by certified mail on October 9, 2013. SNAP-ON did not receive a copy of the Complaint in the October 3, 2013 certified mail envelope including the unissued Summons and did not receive a copy of the Complaint from Plaintiff at any time. Thereafter, on its own accord, SNAP-ON retrieved a copy of the Complaint from this court's PACER electronic filing system.

## III. FACTUAL BACKGROUND

Plaintiff vaguely alleges she was harmed as a consequence of medical or other research performed without her consent by approximately 30 different defendants, which has caused her pain and emotional distress since the date of her birth in 1966. The

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

11000-0002402
9966075.1

3

DEFENDANT SNAP-ON INCORPORATED'S
NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

Complaint also includes claims of research conducted on her deceased parents, Elaine and Hubert Fitzsimmons. However, the Complaint fails to describe the specific research allegedly performed by each entity or who performed said research. There is no mention of any alleged research conducted by SNAP-ON and SNAP-ON is not identified anywhere in the Complaint other than in Plaintiff's service list. SNAP-ON has no information available to discern how or why it might be liable to Plaintiff.

SNAP-ON designs and manufacturers tools and equipment for use in various industrial fields. SNAP-ON does not design or manufacturer any type of medical tool, medical device or other item for use in medical research. SNAP-ON does not perform or conduct medical research. Therefore, according to the various allegations of the Complaint, all of Plaintiff's claims rest upon an alleged harm not caused by or contributed to by any acts, conduct or failure to act by SNAP-ON.

## IV. LEGAL ARGUMENT

### A. Pursuant to Rule 12(b)(4) and Rule 12(b)(5) This Court Should Exercise its Discretion to Dismiss the Complaint Due to Plaintiff's Flagrant Disregard of Process and Service of Process Rules.

Plaintiff's blatant failure to obtain an issued Summons from this Court or properly serve the Complaint on SNAP-ON are sufficient grounds for this Court to dismiss the Complaint against SNAP-ON without leave to amend. As stated previously, the only indication provided to SNAP-ON regarding this lawsuit was the unsealed and unsigned Summons received on October 9, 2013. Additionally, Plaintiff did not serve a copy of the Complaint with the Summons in violation of the requirements of Federal Rule 4(c)(1). This improper process and service of process fails to provide SNAP-ON with the requisite notice of the actual claims by Plaintiff against SNAP-ON. Although Rule 4(a) allows defective process to be cured under certain circumstances, when the defects go beyond mere technicalities the court may exercise discretion to dismiss a frivolous case.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

11000-0002402
9966075.1

4

DEFENDANT SNAP-ON INCORPORATED'S
NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

> "Service of an unsigned and unsealed summons, however, is a more serious infraction for which a court, in its discretion, need not allow amendment. Such service may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney. See Kramer v. Scientific Control Corp., 365 F.Supp. 780, 788 (E.D.Pa.1973); 2 J. Moore, Moore's Federal Practice ¶ 4.07[1] n. 2 (2d ed. 1982); 4 C. Wright & A. Miller, supra, §§ 1088, 1131. But see United States v. Echevarri, 65 F.R.D. 21, 23 (D.P.R.1974). The very existence of Rule 4(b) counsels that a defendant should not be made to answer a summons and complaint without first being given proper notice of the nature of the suit and being assured that the summons properly issues from a court. To allow plaintiffs always to amend their defective summons under these circumstances would eviscerate and make a mockery of the formal commands of Rule 4(b), and would risk prejudice to the defendant improperly served."

*Gianna Enterprises v. Miss. World (Jersey) Ltd.* 552 F. Supp. 1348, 1358 (S.D.N.Y. 1982). Here, Plaintiff prepared the Summons, failed to obtain an issued Summons from the Court and sent the unsealed and unsigned Summons to SNAP-ON. The Summons and service of the defective Summons is not in compliance with the rules of this Court. SNAP-ON respectfully requests this Court dismiss the Complaint without allowing Plaintiff leave to attempt correction of her obvious mistakes. If this Court were to allow Plaintiff another opportunity, it is clear by the substance of her allegations that she would continue to unnecessarily waste the time and efforts of this Court.

B. <u>RULE 12(b)(6) Provides Legal Authority to Dismiss Plaintiff's Complaint.</u>

A motion to dismiss tests a complaint's legal sufficiency. (*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).) Dismissal is proper where there is either "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1991).) While the court must accept as true all material allegations, and reasonable inferences to be drawn therefrom, the court is not required to accept "unreasonable inferences or conclusory legal allegations cast in the form of factual allegations." (*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1098 (C.D. Cal. 2006).)

In other words, a plaintiff must allege conceivable conduct, as well as "enough facts to state a claim to relief that is plausible on its face." (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1986).) "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*) Courts may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (*Id.* at 679.)

In evaluating a motion to dismiss, the court may consider documents referred to in the complaint. (*Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).) Moreover, the court need not "accept as true conclusory allegations which are contradicted by documents referred to in the complaint." (*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-6 (9th Cir. 1998).) Finally, a court may also take judicial notice of matters of public record. (F.R.E. Rule 201; *Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988).)

C.  <u>Pursuant to Rule 12 (b)(6), a Motion to Dismiss Must be Granted When the Complaint Fails to Demonstrate the Plaintiff is Entitled to Relief</u>

SNAP-ON challenges the legal sufficiency of the allegations in Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such a motion should be granted when the Plaintiff's allegations, taken as true, do not entitle the Plaintiff to the relief sought in the complaint. "A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory." *Metcalf v. Drexel Lending Grp.*, 2008 WL 4748134 (S.D. Cal. Oct. 29, 2008) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984)).

Where a complaint lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory, dismissal pursuant to Rule 12(b)(6) is required. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). The complaint

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

11000-0002402
9966075.1

6

DEFENDANT SNAP-ON INCORPORATED'S
NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . ." *Id*. The Court may, within the scope of a 12(b)(6) motion, consider documents referred to in a complaint or matters properly subject to judicial notice without converting the motion to dismiss into a motion summary judgment. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

      The Complaint apparently states a cause of action against SNAP-ON under RICO. There are four elements necessary for Plaintiff to properly state a claim under RICO; 1) conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity. *Kendra Corp v. Pot O'Gold Money Leagues, Inc.* 329 F.3d 216, 233 (1st Cir 2003); 18 U.S.C. §1964(c). Racketeering activity means "any act that violates one of the federal laws specified in the RICO statute" which are found explicitly listed at 18 U.S.C. §1961(1). The extensive list of acts constituting racketeering activity does not include anything remotely associated with medical research with or without the consent of the research subject. Plaintiff's Complaint fails to provide sufficient allegations to state a valid civil claim against SNAP-ON, or any other defendant, under RICO.

      Plaintiff should not be given leave to amend because there is no possibility she could cobble together any legal theory supporting any cause of action against SNAP-ON based on the facts before this Court. To summarize, Plaintiff pleads several "causes of action" that are either insufficiently plead or are remedies not independently actionable against SNAP-ON. There is not a single legitimate cause of action alleged within the Complaint against SNAP-ON. Therefore, SNAP-ON respectfully requests this court dismiss this case with prejudice without leave to amend.

    C.    <u>Pursuant to Rule 12(b)(1), this Court Lacks Subject Matter Jurisdiction.</u>

      Plaintiff bears the burden of establishing federal subject matter jurisdiction. *Kokken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-378 (1994). Plaintiff's Complaint

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

11000-0002402
9966075.1

7

DEFENDANT SNAP-ON INCORPORATED'S
NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

...

fails to provide sufficient factual allegations to provide this court with subject matter jurisdiction over this matter. Plaintiff's incomplete claims do not arise out of a federal statute, do not address a federal question and this court does not have subject matter jurisdiction over Plaintiff's alleged controversy.

      D.    <u>Pursuant to Rule 12(b)(3), this Court is an Improper Venue.</u>

Venue rules are designed to give Defendants some control over the location of trial and are governed entirely by statute. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 387 U.S. 556, 560 (1975). Issues raised in determining proper venue in federal actions are governed exclusively by federal law, even if the action is based on diversity jurisdiction. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). Where Defendant challenges venue, the Plaintiff has the burden of proving that venue is proper. *French Transit Ltd. v. Modern Coupon Sys., Inc.*, 858 F.Supp. 22, 25 (S.D.N.Y. 1994).

Dated: 11/7/13

HAIGHT BROWN & BONESTEEL LLP

By: *[signature]*
Steven M. Cvitanovic
Abigail Lighthart
Attorneys for Defendant
Snap-On Incorporated

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

11000-0002402
9966075.1

8

DEFENDANT SNAP-ON INCORPORATED'S
NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss.:
COUNTY OF SAN FRANCISCO   )

*ERIN FITZSIMMONS vs. UNITED STATES SECRET SERVICE*
3:13-cv-04299-CRB

     I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Three Embarcadero Center, Suite 200, San Francisco, California 94111.

     On November 8, 2013, I served the within document(s) described as:

**Defendant Snap-On Incorporated's Notice of Motion and Motion to Dismiss Plaintiff's Complaint**

on the interested parties in this action as stated below:

| | |
|---|---|
| Erin Fitzsimmons<br>39481 Gallavdet Drive #132<br>Fremont, CA 94538 | Erin Fitzsimmons<br>1345 Treat Blvd.<br>Walnut Creek, CA 94597 |
| Erin Fitzsimmons<br>3232 W. Rusholme<br>Davenport, IA 52804 | |

[X]   **(CM/ECF)** Pursuant to the United States District Court Procedural Rules for Electronic Case Filing and the Case Management/Electronic Case Filing Rules, I electronically served the above-listed documents on the parties shown above for the above-entitled case, as listed above.

     Executed on November 8, 2013, at San Francisco, California.

     I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

        Ollye Robinson                              /s/ Ollye S. Robinson
  (Type or print name)                                    (Signature)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

11000-0002402
9966072.1

2